## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN CASHMAN** | : | |
| Plaintiff | : | |
| v. | : | **Civil Action No. 08-5102** |
| | : | |
| **CNA FINANCIAL CORP,** | : | |
| and | : | |
| **CONTINENTAL CASUALTY COMPANY,** | : | |
| Defendants | : | **JURY TRIAL DEMAND** |

## ORDER

And Now, upon consideration of the Plaintiff's Motion to Compel, it is hereby

ordered that Plaintiff's motion is GRANTED.  Within twenty (20) days, defendants will

respond under oath to Plaintiff's Supplemental Interrogatories to Defendants Regarding

Newly Discovered Document.

Date: _____ _____ _____

Thomas Golden, U. S. D. J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN CASHMAN** | : | |
| Plaintiff | : | |
| v. | : | **Civil Action No. 08-5102** |
| | : | |
| **CNA FINANCIAL CORP,** | : | |
| and | : | |
| **CONTINENTAL CASUALTY COMPANY,** | : | |
| Defendants | : | **JURY TRIAL DEMAND** |

**PLAINTIFF'S SECOND MOTION TO COMPEL**

Plaintiff, John Cashman, hereby moves this Honorable Court for a Motion to

Compel Defendants to respond, under oath, to Plaintiff's Supplemental Interrogatories to

Defendants Regarding Newly Discovered Documents.  The grounds for this motion are

based on the attached Memorandum in Support of Plaintiff's Second Motion to Compel and

exhibits attached thereto.



Respectfully submitted,


Date: 1/19/10

_____
Carmen R. Matos, Esquire
Anita F. Alberts, Esquire
Attorney for Plaintiff,
John Cashman

Law Offices of Carmen R. Matos
40 East Court Street, 3d Floor
Doylestown, PA  18901
(215) 345-8550
(215) 345-8551 facsimile
crmatoslaw@aol.com
afalawyer@comcast.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN CASHMAN                                   :
                         Plaintiff             :
                   v.                          :          **Civil Action No. 08-5102**
                                               :
CNA FINANCIAL CORP,                            :
            and                                :
CONTINENTAL CASUALTY COMPANY,                  :
                   Defendants                  :          **JURY TRIAL DEMAND**

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS SECOND MOTION TO COMPEL**

**A.      INTRODUCTION**

   Discovery in this case closed August 15, 2009.  Plaintiff filed his First Motion to

Compel on or about August 28, 2009  which is still pending.  On December 15 and 29,

2009, defendants mailed to Plaintiff certain documents they "inadvertently failed to produce

during discovery."  **Exhibits 2 and 3**.   On January 12 and 14, 2010, plaintiff emailed

defense counsel (Mr. Antonelli) to request that defendants allow plaintiff to send new

discovery in the form of Supplemental Interrogatories to Defendants based on the newly

discovered documents produced six months after the close of discovery.  **Exhibits 4 and 5**.

On January 14, 2010, Plaintiff emailed and mailed Defendant his Supplemental

Interrogatories to the Defendants Regarding Newly Discovered Documents.  **Exhibit 1**.   On

January 14, 2010, defense counsel faxed a letter "in response to [plaintiff's] requests for an

explanation and to send Interrogatories" on the newly discovered documents.   **Exhibit 6**.

Plaintiff's counsel emailed the defense stating that counsel cannot testify as a witness, and

his response is not evidence, that the documents were provided after the close of discovery

in an effort to attempt to resolve the matter without court intervention. **Exhibit 7**.

## B. FACTS

Mr. Cashman filed this suit alleging that defendants forced him to retire based on his age (59) and disability (cancer), retaliation, and interference with FMLA rights. Mr. Cashman was hired in 1992 as a Claims Investigator of fraud cases. Mr. Cashman was a diligent employee, earned favorable reviews, increases and bonus throughout his employment with Defendants. He was promoted to Team Leader in 1997 and received above expectations ratings from 1993 through 2002. In 2002, Stephen Lilienthal became the new CEO and Chairman. Mr. Lilienthal spoke at a 2002 quarterly leadership meeting to challenge the company managers with the directive, "We need to get kids in here." Lilienthal's directive was also transmitted by intranet to the workforce.

In 2005, the SIU was restructured to contract with outside vendors. Timothy Wolfe became the Manager reporting to the Special Investigations Unit (SIU) Director, James Bonk. As SIU Director, Bonk managed four teams consisting of less than thirty employees: Fraud ID & Prevention, Triage, Major Investigations, Fraud Case Management. In September 2005, Mr. Cashman experienced a recurrence of cancer, underwent chemotherapy and surgery and was out for about two months.

In early 2005 Mr. Cashman received two performance evaluations, one which was "2: exceeds expectations" and the other one a notch lower, "3: meets most expectations." The first review was from Gary Traina, former SIU Manager who supervised Cashman for 10 months in 2005.. The second review was completed by Timothy Wolfe, Director of Fraud Case Management who supervised him less than 2 months in 2005. Defendant awarded Mr. Cashman a bonus based on his performance. After notifying the defendant of

his recurrence of cancer in September 2005 and beginning in February 2006 through September 2006 Defendants criticized Mr. Cashman's work, despite his high productivity.

Depositions in this case took place in May, June, and July 2009.  Plaintiff deposed Mr. Wolfe, his immediate supervisor and SIU Manager, James Bonk, SIU Director and Wolfe's supervisor; James Martin, Bonk's supervisor; Deborah Nutley, Senior VP of Employee  Relations, Shelley Liapes, Senior VP; Elizabeth Mansfield, HR Director; Leslie Curran, former HR Director, Gary Traina, former SIU Manager and Doug Breit, plaintiff's 39 year old replacement.

On October 22, 2009, defendants filed their motion for summary judgment (ADEA, ADA, PHRA and FMLA), opposed by plaintiff.   Plaintiff also filed his own motion for summary judgment (FMLA), opposed by the defendants.  The court denied the motions, without prejudice.

On December 17, 2009, the court held a telephone conference on the pending motion to compel. An order has not yet been entered.

On December 15 and 29, 2009, defendants mailed documents that they "inadvertently failed to discover until six months after the close of discovery. **Exhibt 2, 3**. On  January 12, 2010, plaintiff's counsel asked that defendants allow plaintiff to send interrogatories regarding the newly discovered evidence, as to who, what, when, where, why and how they were discovered. See **Exhibit 1.**  The interrogatories relate specifically to the documents produced and request information that is pertinent to the documents and their recent, inadvertent discovery. **Exhibit 1**.  Defendant's refusal to answer legitimate interrogatories is inexcusable and without legal basis.

**C.LEGAL ARGUMENT**

Federal Courts have broad discretion to manage discovery, <u>Sempier v. Johnson,</u> 45 F.3d 724, 734 (3d Cir. 1995). The Federal Rules of Civil Procedure have long permitted broad and liberal discovery. <u>Pacitti v. Macy's,</u> 193 F.3d 766, 777 (3d Cir. 1999).  Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any matter, not privileged, that is relevant to any parties claim or defense."  The information sought need not be admissible at trial, so long as it is reasonably calculated to lead to the discovery of admissible evidence.  <u>Id</u>. Further, the Federal Rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 350 (1978).

Discovery closed in this case in August 2009.  Almost six months later, defendants produced new documents they "inadvertently failed" to produce during the discovery period. **Exhibits 3 and 4**.  Depositions of key witnesses have taken place. Plaintiff has expended a great deal of time, effort, travel, funds, approximately $15,000. Plaintiff's counsel considers that requesting Defendants to answer interrogatories on the newly discovered documents would be an inexpensive and efficient way to discover facts surrounding the new documents.  Interrogatories must be answered under oath and may constitute evidence at trial.  Rule 30 FRCP.

If after obtaining responses to these interrogatories, plaintiff believes that depositions are necessary, he may then move the court for depositions which are much more costly than interrogatories.  However, the cost of any further depositions based on the newly discovered documents should be borne by the defendants.

Plaintiff asked the defense to agree to answer the interrogatories in an effort to avoid expenses and to avoid cost of further depositions.  Defendants' counsel responded with an "explanation" for its failure to produce.  Such a response is not adequate and does not provide full and complete answers.  Plaintiff will be prejudiced if defendants introduce these documents at trial without his ability to engage in  discovery.

**D.  CONCLUSION**

Accordingly, Plaintiff requests that this Honorable Court order the Defendants to respond, under oath, to the discovery within 20 days.

Respectfully submitted,

1/19/10                                                            /s/

_____

By: Carmen R. Matos, Esquire
Anita F. Alberts, Esquire
Attorneys for Plaintiff,
John Cashman
Law Offices of Carmen R. Matos
40 East Court Street, 3d Floor
Doylestown, PA  18901
215-345-8550, 215-345-8551

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the following legal papers were served upon:

Richard Antonelli, Esquire
Rebecca Dick-Hurwitz, Esquire
Babst, Calland, Clements, Zomner
Two Gateway Center
Pittsburgh, PA  15222
rantonelli@bccz.com
rdick-hurwitz@bccz.com

in the following manner:

Legal Papers:                          Plaintiff's Second Motion to Compel, Memorandum,
                                       Proposed Order, Certificate of Service

Manner:                                ECF

Date: 1/19/10                          By:_____
                                          Carmen R. Matos, Esquire
                                          Attorney for  Plaintiff
                                          Mr.  John Cashman